**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YOUNG SOON DORR,
<u>Plaintiff-Appellant,</u>

v.

ANN BROWN, in her official capacity
as Chairman, Consumer Product
Safety Commission,
<u>Defendant-Appellee.</u>

No. 98-2703

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-3936-AW)

Submitted: June 22, 1999

Decided: July 15, 1999

Before ERVIN, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George M. Chuzi, KALIJARVI, CHUZI & NEWMAN, P.C., Wash-
ington, D.C., for Appellant. Lynne A. Battaglia, United States Attor-
ney, A. David Copperthite, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Young Soon Dorr appeals the district court order and memorandum opinion granting summary judgment to Ann Brown, Chair of the Consumer Product Safety Commission ("Commission"), and dismissing Dorr's employment discrimination complaint alleging a hostile work environment due to her national origin. The district court found that Dorr did not contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory events. See 29 C.F.R. § 1614.105 (YEAR). The court also concluded that Dorr did not establish a hostile work environment. Finding no reversible error, we affirm.

Despite not hearing of a supervisor's derogatory comments until shortly before she first met with an EEO counselor, the record shows that Dorr believed she had an actionable discrimination complaint as early as October 1994. Furthermore, the only event that occurred within the 45-day period prior to meeting with the EEO counselor is insufficient to establish a continuing violation. See Beall v. Abbott Lab., 130 F.3d 614, 620 (4th Cir. 1997). Nor can Dorr successfully assert equitable estoppel as a bar to the Commission's assertion of untimeliness. Dorr acknowledged that the Executive Director of the Commission recommended she initiate formal proceedings. She did not heed this advice. We find that she was not diligent in preserving her legal rights. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

2